**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

SUSAN ANN UNGER,

  Plaintiff,

v.

             Case No. 18-cv-11200
             Honorable Linda V. Parker
             Magistrate Judge Patricia T. Morris

COMMISSIONER OF
SOCIAL SECURITY,

  Defendant.
_____/

**OPINION AND ORDER (1) REJECTING PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE'S REPORT AND RECOMMENDATION (ECF NO. 17) AND (2) ADOPTING THE MAGISTRATE'S REPORT AND RECOMMENDATION (ECF NO. 16) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 14) AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 12)**

Plaintiff Susan Unger ("Plaintiff") initiated this lawsuit pursuant to 42 U.S.C. § 405(g) seeking judicial review of Defendant Commissioner of Social Security's denial of her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. (ECF No. 1.) This matter was referred to Magistrate Judge Morris pursuant to 28 U.S.C. § 636(b)(1)(A), (B) and (C). (ECF No. 3.)

Both parties filed summary judgment motions. (ECF No. 12, 14.) Magistrate Judge Morris entered a Report and Recommendation ("R&R"). (ECF No. 16.) Plaintiff filed timely Objections to the R&R, and Defendant filed a timely Reply. (ECF No. 17, 19.)

## Standard of Review

When objections are filed to a magistrate judge's report and recommendation on a dispositive matter, the Court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the report and recommendation waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## Analysis

The Court has reviewed Plaintiff's Objections to Magistrate Judge Morris's R&R and rejects them.

First, Plaintiff objects to the R&R claiming that it "includes an ahistorical summary of the evidence in the record that is unreliable, inaccurate, incomplete and misleading." (Objs., ECF No. 17 at 13–14, Pg. ID 980–981.) However, Plaintiff's objection fails to identify any factual errors. Thus, this Court is satisfied with the R&R and the Magistrate Judge's summary of the relevant medical and non-medical evidence. (*See* R&R, ECF No. 16 at 4–15, Pg. ID 931–942 (summarizing the administrative record).)

Second, Plaintiff objects to the R&R claiming that the "ALJ committed legal error in the determination of the claimant's residual capacity by not including [certain] limitations . . . and that the ALJ failed to properly recognize how plaintiff's . . . symptoms prevent her from maintaining a regular work schedule." (Objs., ECF No. 17 at 15–20, Pg. ID 982–987.) The ALJ's decision addressed this subject, making it clear that she fully considered the medical evidence. (*See* R&R, ECF No. 16 at 22, Pg. ID 949.) Thus, this Court is satisfied that both the ALJ and Magistrate Judge properly considered all of Plaintiff's medical evidence, including her enumerated symptoms, in determining her residual functional capacity. (*See id.* at 19–32, Pg. ID 946–959.)

Third, Plaintiff objects to the R&R claiming that the "ALJ failed to properly apply SSR 96-9p." (Objs., ECF No. 17 at 20–26, Pg. ID 987–993.) As Magistrate Judge Morris stated, however, the ALJ properly addressed SSR 96-9p, explaining

3

the need for expert testimony and properly recognizing that testimony as valid evidence. (*See* R&R, ECF No. 16 at 33, Pg. ID 960.) Thus, this Court is satisfied with both the ALJ's and Magistrate Judge's application of SSR 96-9p. (*See id.* at 32–38, Pg. ID 959–965.)

Finally, Plaintiff objects to the R&R claiming that, even if the use of the vocational expert's testimony in the application of SSR 96-9p was not error, the "ALJ still failed to identify jobs which exist in significant numbers that the claimant can perform without accommodation." (Objs., ECF No. 17 at 26–27, Pg. ID 993–994.) This objection grows from Plaintiff's challenge to the vocational expert's use of the word "accommodation" when identifying available jobs. However, as Magistrate Judge Morris articulated, the expert's testimony properly identified available jobs. (*See* R&R, ECF No. 16 at 37–38, Pg. ID 964–965.) Thus, this Court is satisfied with both the ALJ's and Magistrate Judge's interpretation and application of the vocational expert's testimony. (*See id.* at 34–38, Pg. ID 961–965.)

The Court, therefore, is rejecting Plaintiff's Objections to Magistrate Judge Morris's R&R and adopting the R&R, which grants Defendant's Motion for Summary Judgment and denies Plaintiff's Motion for Summary Judgment.

Accordingly,

4

**IT IS ORDERED** that Plaintiff's Objections (ECF No. 17) are **REJECTED** and the Court **ADOPTS** Magistrate Judge Morris's April 12, 2019 Report and Recommendation (ECF No. 16).

**IT IS FURTHER ORDERED** that Defendant Commissioner of Social Security's Motion for Summary Judgment (ECF No. 14) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (ECF No. 12) is **DENIED**.

**IT IS SO ORDERED.**

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: August 27, 2019